ALBERT ALLEN *vs.* WILLIAM LAWRENCE.

*Exceptions. Practice.*

Bill of exceptions must contain a sufficient statement of the case to show wherein the excepting party was aggrieved. They cannot be added to, or supplemented by the statements of counsel made at the argument in the law court. They must contain enough within themselves to show error, or they will be overruled.

ON EXCEPTIONS.

ASSUMPSIT for breach of warranty of a pair of steers. The defence was that the sale was made by defendant's minor son, Herbert, to whom they belonged. The whole exceptions were in these words:

"VIRGIN, J., charged the jury, in part, as follows:

Young Ward's testimony has been alluded to by counsel, that when Lawrence was called to the door, after Herbert and the plaintiff had been down in the field, seen the cattle and come back, that Lawrence, the defendant and father of Herbert, made some remarks. Now what did he say? It is for you, a question of

fact—no law about it.  Ward and the plaintiff, if I remember rightly, testified (but it is for you to say) that William Lawrence made a remark something like this : 'You trade with Herbert and whatever the trade is, it is all right.'  It is for you to say what he meant by it, if he did say that.

On the one side it is said he meant to say, 'I will make good whatever my boy does about this matter;' upon the other side, that he simply meant 'these are Herbert's cattle, whatever trade he makes I will never call upon you for any money, or anything of the kind.'  Now, what did he mean ?  That is the question for you.

I instruct you as matter of law, that if you should find that he made such a remark, and'that he meant to assure Mr. Allen that whatever trade Herbert made he would be responsible for, for all contracts of warranty or otherwise that he made, he had a right to do so, and that a sufficient consideration for such a contract would be found in the subsequent sale of the cattle by Herbert to Allen.

One of the questions which is raised here (and it is a question of fact for you) is, was Herbert Lawrence under twenty-one years of age when these cattle were sold to this plaintiff.  I do not understand the plaintiff to dispute that, and perhaps you might take that as a fixed fact."

To which rulings and instructions the defendant excepted, the verdict being against him.

*C. A. Everett* for the defendant.

*A. M. Robinson* for the plaintiff.

WALTON, J.  All unnecessary prolixity should be avoided in bills of exceptions; but they must contain enough to show wherein the excepting party is aggrieved, or they cannot be sustained. They cannot be added to, or supplemented, by the statements of counsel made at the argument before the law court.  They must contain enough within themselves to show error, or they will be overruled.  No error is apparent in this case.  The bill of excep-

tions contains absolutely nothing but an extract from the judge's charge. It is claimed in argument that this portion of the charge was inapplicable to the issues of fact actually litigated. This may be true. But as the bill of exceptions does not state what those issues were, it is impossible for the court to determine whether the complaint is well founded or not. No such error is apparent upon the face of the record. The exceptions must therefore be overruled; for error must be made to appear, it cannot be presumed. *Exceptions overruled.*

APPLETON, C. J., CUTTING, BARROWS, DANFORTH and PETERS, JJ., concurred.